IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronald Alexander Isgett, Jr., ) | C/A NO. 8:11-02783-CMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Kenny Boone, as representative for the ) | |
| Office of the Florence County Sheriff's ) | |
| Office; Officer Travis Taylor; Officer ) | |
| Xederick Hall; and Sergeant Robin ) | |
| Flemming, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's complaint, filed in this court pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, to which Plaintiff responded in opposition.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On February 1, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed has filed no objections to the Report and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

1

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

A review of the record for clear error reveals the Report errs in its recitation of the standard for an alleged excessive force claim. Additionally, the Report errs in making a credibility determination of the evidence against Plaintiff, the non-moving party. For the reasons discussed below, the court adopts the Report and Recommendation in part and **grants in part and denies in part** Defendants' motion for summary judgment.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)    A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

    (b)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

**II. FOURTEENTH AMENDMENT – EXCESSIVE FORCE**

Excessive force claims raised by pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). To succeed on an excessive force claim, Plaintiff must show that Defendant Taylor "inflicted unnecessary and wanton pain and suffering." *Id.* (quotation and citation omitted). When evaluating the use of force, the court considers factors such as "the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for

the very purpose of causing harm." *Id*. (quotation and citation omitted). This analysis requires consideration of whether the given situation required the use of force and "the relationship between the need and the amount of force used." *Id*.

### III. REPORT OF THE MAGISTRATE JUDGE

The court agrees with the Report's analysis and conclusions regarding exhaustion of administrative remedies and dismissal of Defendants Boone and Flemming. Accordingly, the court adopts and incorporates those portions of the Report.

Additionally, as Defendant Hall was responsible for use of a taser gun and was not involved in the alleged assault, Defendant Hall is also entitled to summary judgment.

However, the Report errs in two respects. First, the Report indicates that "[t]o determine whether Defendants are entitled to qualified immunity, the Court must determine whether Defendants acted with objective reasonableness when restraining Plaintiff." Report at 13 (ECF No. 53). The "objective reasonableness" standard is not applicable to Plaintiff's complaint of use of excessive force, which must be evaluated under the subjective standard used in analyzing a claim made under the Fourteenth Amendment. *Orem*, 523 F.3d at 446. Accordingly, the citation of the "objective reasonableness" standard is error.

The "objective reasonableness" standard is used when evaluating a claim of excessive force under the Fourth Amendment. Broadly speaking, "the Fourth Amendment only governs claims of excessive force during the course of an arrest, investigatory stop, or other seizure of a person," while the Due Process Clause of the Fourteenth Amendment governs excessive force claims made by a "pretrial detainee or arrestee." *Id.* (citations, quotation marks and alterations omitted); *see also Robles v. Prince George's Cnty., Md.*, 302 F.3d 262, 268 (4th Cir. 2002) ("Once the single act of

4

detaining an individual has been accomplished, the [Fourth] Amendment ceases to apply." (citation omitted)). The distinction is material because, while the court evaluates officer conduct against an "objective reasonableness" standard for Fourth Amendment claims, the court applies a subjective standard to Fourteenth Amendment claims. *See Young v. Prince George's Cnty., Md.*, 355 F.3d 751, 758 (4th Cir. 2004) (subjective standard "used to adjudicate excessive force claims brought under the Due Process clause of the Fourteenth Amendment.").

Second, as noted above, the Report concludes Defendants should be granted summary judgment on Plaintiff's claim for excessive force, as "there is no evidence other than Plaintiff's own allegations" that he was punched in the face by Defendant Taylor. Report at 15 (ECF No. 53, filed Feb. 1, 2013).

Plaintiff testified in his deposition that he spit on a guard after he was placed in the restraint chair and then was punched by that same guard three (3) times on the right side of his face, resulting in a fracture of his jaw. Defendant Taylor, who admitted in his deposition to being the officer who was spit upon by Plaintiff, denied assaulting Plaintiff, but testified that he did touch Plaintiff's face, turning Plaintiff's head from left to right. Crediting Plaintiff's version of the events,[1] this court cannot say, as a matter of law, that punching a pretrial detainee three (3) times in the jaw after being spit on by the detainee is an action taken in good faith to restore order.

"It is not [this court's] job to weigh the evidence." *Gary v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991). This court "must view the facts, and all reasonable inferences that may be drawn from those facts, in the light most favorable to the non-moving party." *Meyers v. Baltimore Cnty., Md.,*

---

[1] Plaintiff, who suffered a traumatic brain injury as a result of a car accident in 2003, testified in his deposition to several different versions of the events occurring on the evening of September 15, 2009. However, the only issue of material fact goes to whether he was hit in the face that evening by Officer Taylor. Accordingly, inconsistencies in Plaintiff's version of events must go to the weight and credibility of his testimony as determined by the factfinder.

5

__ F.3d __, __, 2013 WL 388125 at *4 (4th Cir. Feb. 1, 2013). Accordingly, the facts, in the light most favorable to the non-moving party, show that a genuine issue of material fact exists as to the narrow issue of whether Defendant Taylor used excessive force on the evening of September 15, 2009, allegedly striking Plaintiff three (3) times in the face, resulting in a fracture of Plaintiff's jaw, in violation of Plaintiff's Fourteenth Amendment rights. *See Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (holding that summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations).

The right to be free from the excessive use of force was clearly established at the time of this incident. *See*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520 (1979). "Although a jury ultimately may find the officers' version of the events is more credible, [this court] is not permitted to make such credibility determinations when considering whether a police officer properly was held immune from suit under the doctrine of qualified immunity." *Meyers*, __ F.3d at __, 2013 WL 388125 at *7.

### IV. CONCLUSION

For the reasons noted above, the court **grants in part and denies in part** Defendants' motion for summary judgment. Defendants Boone, Flemming, and Hall are **granted** summary judgment and are dismissed from this matter with prejudice. Defendant Taylor is **denied** summary judgment and this matter shall proceed to trial on the narrow issue discussed below during the term of court beginning May 30, 2013.

**IT IS SO ORDERED.**

                                    s/ Cameron McGowan Currie
                                    CAMERON MCGOWAN CURRIE
                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 28, 2013